## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**KAREN AMBERG**,

    Plaintiff,

    v.         **CIV NO. 03-0074 DJS/RHS**

**EXPRESS SCRIPTS, INC., a Delaware corp.**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before this Court on Defendants' Motion for Summary Judgment filed November 19, 2003 (Docket No. 26). Briefing was completed on that motion as of February 3, 2004, with the filing of the Notice of Completion of Briefing (Docket No. 35). The parties have consented, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned to conduct any and all proceedings in this case, including the entry of a final judgment.

**FACTUAL BACKGROUND**

The instant action is a civil action in federal court on the basis of diversity jurisdiction. Plaintiff filed a complaint for damages alleging wrongful (retaliatory) discharge and *prima facie* tort. Plaintiff worked for Defendant from November, 1997 to December 5, 2001, when she was terminated. During the course of her employment, Plaintiff worked for Defendant as a customer service associate in Defendant's call center. Plaintiff contends that she was terminated by Defendant after she complained

of health problems, attempted to obtain long-term disability and was wrongfully denied her benefits.

**STANDARD OF LAW**

Summary judgment is appropriate when there exists no genuine issue as to any material fact, and where the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Adickes v. S. H. Kress & Co.</u>, 398 U. S. 144, 157 (1970). If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish the existence of a material, factual dispute. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U. S. 574, 585-87 (1986). To establish the existence of a factual dispute, the opposing party may not rely upon the allegations or denials of his pleadings, rather, he is required to offer evidence in the form of affidavits or other admissible evidence demonstrating that a genuine issue of material fact remains for the fact finder to resolve. Fed. R. Civ. P. 56( e); <u>Matsushita Elec.</u>, 475 U. S. at 596-87. In other words, a party opposing summary judgment "must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which [he or she] carries the burden of proof." <u>Jenkins v. Wood</u>, 81 F.3d 988, 990 (10th Cir.1996).

**OPINION**

Defendant filed the instant motion for summary judgment on November 19, 2003. Plaintiff did not file a response to the motion, but rather filed a motion (Docket No. 29) to stay her obligation to respond until she received Defendant's responses to various discovery requests. Plaintiff's motion did not comply with or even refer to Fed.R.Civ.P. 56(f) and was denied by Magistrate Judge Robert H. Scott in an order (Docket No. 34) entered on February 2, 2004. On that same day, Judge Scott entered an order granting a separate motion by Plaintiff to extend the discovery deadline. Plaintiff

never filed a response to Defendant's dispositive motion.

D.N.M.LR-Civ. 7.1(b) states that failure to respond to a motion within the time prescribed for doing so constitutes consent to grant the motion. Nonetheless, the Tenth Circuit Court of Appeals has held that trial courts may not rely upon such local rules to grant judgment for a party, but rather must examine the merits of an unopposed summary judgment motion. Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir.2002). "The district court must make the additional determination that judgment for the moving party is appropriate under Rule 56." Id. "By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion." Id.

In this case, Defendant contends that it is entitled to summary judgment because Plaintiff's claims fail as a matter of law: first, her retaliatory discharge suit is precluded by her status as an employee with the protections of a union contract; second, that claim is subject to preemption by ERISA; third, the claim is preempted by the Labor Management Relations Act; and, further, her *prima facie* tort claim is barred because it is identical to and based upon the same facts as her wrongful discharge claim.

As uncontested facts, Defendant states that Plaintiff became a member of the United Food and Commercial Workers union upon her employment and that she paid dues to that organization. Further, Plaintiff's employment was subject to a collective bargaining agreement entered into by the union and Defendant as of July 2, 1999. The collective bargaining agreement limits Defendant's right to terminate employees and sets forth obligations with respect to leaves of absence without pay. In addition, the agreement provides for binding arbitration of employee grievances. Defendant argues

that Article 22 of the collective bargaining agreement sets forth the parties' rights and responsibilities with regard to leave of absence and that Plaintiff's claims require interpretation of that portion of the agreement. Accordingly, those claims are preempted by Federal Labor Management Relations Act.

Section 301 of the Act states: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. §185(a). In 1957, the Supreme Court held that §301 gave federal courts jurisdiction over controversies involving collective bargaining agreements. Textile Workers v. Lincoln Mills of Alabama, 353 U.S. 448 (1957). Federal, and not state, law must be used in adjudicating these claims. Teamsters v. Lucas Flour Co., 369 U.S. 95. The Supreme Court held that "in enacting §301 Congress intended doctrines of federal labor law uniformly to prevail over inconsistent local rules." Id. at 104. In determining whether a state tort claim is preempted, the reviewing court must focus on whether the state tort "confers nonnegotiable state-law rights ... independent of any right established by contract, or, instead, whether evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985). As noted by Defendant, "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a §301 claim ... or dismissed as pre-empted by federal labor-contract law." Id. at 220.

New Mexico recognized the tort of wrongful discharge in Vigil v. Arzola, 699 P.2d 613 (NM

4

Ct.App.1983), rev'd in part on other grounds, 687 P.2d 1038 (1984). Under Vigil a party must demonstrate that she was discharged from her employment because she performed an act that public policy has authorized or would encourage or because she refused to do something required of her by the employer that public policy would condemn. Id. at 613. A plaintiff must further demonstrate a sufficient nexus between the asserted public policy and the discharge. Id. In this case, Plaintiff contends that she was terminated after she complained of her health issues and "for exercising state public policy interests of association, speech, obtaining medical care, opposing improper and unlawful business practices." Complaint, ¶16.

Under New Mexico law, prima facie tort requires (1) an intentional, lawful act by the defendant, (2) intent to injure the plaintiff, (3) injury to the plaintiff proximately caused by the act, and (4) lack of or insufficient justification for the act. Schmitz v. Smentowski, 785 P.2d 726, 734 (N.M. 1990). In her complaint, Plaintiff "To the extent any of the conduct of the Defendants, as stated in all the foregoing allegations...was lawful, such conduct was without justification, was with the intent to injure Plaintiff and proximately caused Plaintiff to suffer both substantial economic loss and substantial emotional distress." Complaint, ¶21.

As argued by Defendant, both of Plaintiff's claims require interpretation of the portions of the collective bargaining agreement dealing with leaves of absence and disability and defining the parties' rights and obligations towards each other with regard to those subjects. Because of that fact, Section 301 of the Labor Management Relations Act preempts her claims and renders them subject to dismissal.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment is

granted and this matter is dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**